# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ALI HUSSEIN DARWICH,

      Plaintiff,

v.                            Case No. 10-14073

CITY OF DEARBORN
(DEARBORN POLICE DEPARTMENT) et al.,

      Defendants.

_____/

## OPINION AND ORDER (1) GRANTING DEFENDANTS' DECEMBER 29, 2010, MOTION FOR MORE DEFINITE STATEMENT, (2) TERMINATING AS MOOT DEFENDANTS' DECEMBER 14, 2010, MOTION (3) DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

Before the court is a motion for more definite statement by Defendants pursuant to Federal Rule of Civil Procedure 12(e).  Having reviewed the motion and opposing brief[1] by Plaintiff Ali Darwich, the court concludes that a hearing is not necessary.[2]  E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, Defendants' motion will be granted.

---

[1]In response to the motion for more definite statement, Plaintiff filed a "Motion to Show Cause and Respond for a More Definite Statement Under Rule 12(e)."  While entitled both a motion and a response, the substance of the document responds to Defendants' motion and will therefore be treated as a response brief.  To the extent Plaintiff seeks additional relief in the document, such request will be denied.  The court does not accept motions contained within response briefs.  In any event, the court cannot discern any basis to issue an "Order to Show Cause" based on the arguments in the response brief.

[2]For some reason, Defendants filed two successive motions addressing the same subject matter.  The motions *appear* to be identical.  The court will assume that the latter filed motion supplanted the original motion and will terminate the original motion as moot.

## I. STANDARD

Federal Rule of Civil Procedure 12(e) allows for the filing of a motion for a more definite statement, and gives the district court the discretion to grant such motion if the pleading complained of "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Likewise, Federal Rule of Civil Procedure 8(a) establishes the requirements of a complaint. Rule 8 requires that a pleading setting forth a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of such statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), noted that it is significant that Rule 8(a)(2) requires a "showing" of entitlement to relief, rather than merely a "blanket assertion." *Id.* at 556. A plaintiff must "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* The Court held that a "showing that the pleader is entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of [entitlement to relief]." *Id.* at 556. In so stating, the Court spoke in terms of "plausibility," rather than mere "conceivability." *Id.* This interpretation of Rule 8 does not require heightened fact pleading of specifics, "but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Citing *Twombly*, the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), explained that:

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.    A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of actions will not do."   Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

Id. at 1949 (citations omitted).  Although Rule 8(a) does not bar the courthouse door to plaintiffs for lack of perfect specificity, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at 1950.

Federal Rule of Civil Procedure 10 establishes the required form of pleadings, including complaints.  A complaint must state each claim in one or more numbered paragraphs, with each paragraph "limited as far as is practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Additionally, "each claim founded on a separate transaction or occurrence . . . *must* be stated in a separate count" when doing so would increase the clarity of the complaint.  Fed. R. Civ. P. 10(b) (emphasis added).

## II.  DISCUSSION

On October 12, 2010, Plaintiff Ali Hussein Darwich initiated this case against City of Dearborn (Dearborn Police Department), and officers Kevin Schaumburger, Richard Conrad, Guerino Cerroni, Glenn Carriveau, Michael Gracer, and Joseph Kass, in their individual and official capacities.  In his cryptic, pro se complaint, Defendant alleges that Dearborn police officers "tortoured" and "kidnapped" him in connection with his state law arrest for arson in case number 09-07432.  Reading Darwich's pro se complaint *extremely* generously, it appears he alleges a cause of action under 28 U.S.C. § 1983.  To state a claim under § 1983, Plaintiff must allege that Defendants, acting under the color of state law, deprived him of specific "rights, privileges, or immunities secured by

3

the Constitution."  42 U.S.C. § 1983; *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827

(6th Cir. 2007); *Hughes v. Region VII Area Agency on Aging,* 542 F.3d 169, 176 (6th

Cir. 2008) ("Section 1983 makes liable only those who, while acting under color of state

law, deprive another of a right secured by the Constitution or federal law." (citing

*Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005)).  There is no

indication of which right Plaintiff alleges was violated by which Defendant, but it appears

he may be asserting that his rights under the Fourth or, possibly, Eighth Amendment

were violated.

　　　　Given the ambiguity of the complaint, Defendants have moved for a more definite

statement, asserting that Plaintiff's claims are "so vague or ambiguous" that they cannot

possibly produce an answer.  Fed. R. Civ. P. 12(e).  The court agrees.  Despite

Plaintiff's pro se status, he must nonetheless meet the pleading requirements of the

Federal Rules.  His hand-written, form complaint does not provided any factual basis for

his claim of "kidnap" and "torture," nor does he identify the exact claim he intends to

assert against each individual Defendant.  As the pleadings now stand, Defendants

cannot reasonably prepare a response to the overly vague allegations in the complaint.

At a minimum, Plaintiff's complaint must include "a short and plain statement of the

claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The court will thus

order Plaintiff to file an amended complaint that complies with the Federal Rules of Civil

Procedure and provides Defendants with "fair notice of what the claim is and the

grounds upon which it rests."  *Conley*, 355 U.S. at 47.  Plaintiff is particularly directed to

the language in *Iqbal* that "an unadorned, the-defendant-unlawfully-harmed-me

accusation" does not comply with the pleading standards of Rule 8.  129 S. Ct. at 1949.

4

Rather, Plaintiff must allege sufficient details to give Defendants fair notice of the details of his allegations, including the "specific time, place, or person involved." *Twombly*, 550 U.S. at 565 n.10.  Accordingly, Plaintiff is instructed that, for each count of his amended complaint, Plaintiff must clearly state against which Defendant or Defendants the claim is made and a factual basis sufficient to establish the claim.

### III.  CONCLUSION

IT IS ORDERED that Defendants' motion for a more definite statement [Dkt. # 16] is GRANTED and that Plaintiff file an amended complaint complying with this order on or before **May 30, 2011**.

IT IS FURTHER ORDERED that Defendants' original motion for more definite statement [Dkt. # 13] is TERMINATED as moot.

Finally, Plaintiff's "Motion [for Order] to Show Cause . . ." [Dkt. # 17] is DENIED.


S/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 10, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 10, 2011, by electronic and/or ordinary mail.

S/Lisa Wagner_____
Case Manager and Deputy Clerk
(313) 234-5522